REQUESTED BY: Dear Senator DeCamp:
You have provided to us a copy of Request No. 2217. This request is a set of amendments to LB 991. We have been informed that this set of amendments was secured from similar amendments proposed in the Colorado Legislature at the present time. We have subsequently learned that these amendments have been substantially amended from the form in which they are set forth in Request No. 2217. The Colorado bill has not been signed at the present time You ask whether or not these amendments would be constitutional.
Request No. 2217 provides that:
 "Drug paraphernalia shall mean any machine, instrument, tool, equipment or device which is primarily adapted, designed, or commonly used for one or more of the following:"
Thereafter, four separate items are listed which relate to the introduction of controlled substances into the body, to enhance the effect upon the body, to conceal controlled substances, to test the strength, effectiveness, or purity of controlled substances.
Section 2 sets forth criteria to be utilized by a court in determining whether a particular item is drug paraphernalia. These are essentially the same descriptions as were contained in the original sections of LB 991, section 2, subsections (1) through (13).
Section 3 of the request makes it a crime to possess drug paraphernalia and intend to use the paraphernalia in violation of the laws of the state.
Section 4 makes it a crime to sell, deliver, possess with intent to sell or deliver, or manufacture with intent to sell or deliver equipment, products, and materials knowing that they will be used as drug paraphernalia.
Section 5 prohibits advertising intended to promote the sale of drug paraphernalia.
In some degree the provisions of Request No. 2217 are more tightly drawn than those of LB 991. However, we believe that the request suffers from the same overbreadth and vagueness problems which we pointed out in our opinion to Senator Venditee, Opinion No. 243, March 7, 1980, and our opinion to Senator Simon of an even date with this opinion, a copy of which is enclosed.
Section 2 includes, for example, any container that might be used to hide drugs. This could include breadboxes, safes, or any other container susceptible of being utilized to secrete drugs. It also includes any number of chemicals which might be used to make scientific evaluations of particular drugs. Such items, in and of themselves, are innocuous and, in fact, may in certain circumstances be beneficial. Yet, under this act an individual would have to guess whether or not the particular item which he was using or selling was such that it could be defined as drug paraphernalia. Thus, it would be unlawful for the individual to own, to sell, or to otherwise possess such items.
Without going into further detail, we would adhere to the views expressed in the two opinions previously referred to in this opinion and conclude that Request No. 2217 suffers from the same problems as pointed out in those opinions and would be difficult to defend against constitutional attack.